FILED

IN THE UNITED STATES DISTRICT COURT

DEC 27 2013

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

CLARKSBURG DIVISION

R. MICHAEL KENNEDY-CHUEY,     COMPLAINT

               Plaintiff,     CIVIL ACTION 1:13cv271

V.

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,

And Daniel A. Durbin, individually

               Defendants

## COMPLAINT

Plaintiff, R. Michael Kennedy-Chuey, in accordance with the Federal Rules of Civil Procedure, And under the authority of the statutes cited therein, hereby makes this civil complaint against Defendant, West Virginia University Board of Governors ("WVU BOG").

### Parties

1. Plaintiff, R. Michael Kennedy-Chuey, is a resident of Fayette County, Pennsylvania. At All times relevant to this Complaint, the plaintiff was employed by West Virginia University.

2. Defendant, West Virginia University Board of Governors ("WVU BOG"") is a state Board and governing body for West Virginia University ("WVU'), a state land grant University with its main campus located in Morgantown, Monongalia County, West Virginia.

3. Defendant, Daniel A. Durbin, is the current Senior Associate Vice President for Finance

- 1 -

And currently employed at WVU. Upon information and belief, Mr..Durbin is a resident of Monongalia County, West Virginia. The unlawful actions of Defendant Durbin, as set forth in this complaint, was manifestly outside the scope of his employment or official responsibilities and/or were taken with malicious purpose, in bad faith and in a wanton or reckless manner.

### Jurisdiction and Venue

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1331, As this matter involves claims arising under the laws of the United States. Specifically, This matter involves claims arising under 42 U.S.C. Section 1983 and 29 U.S.C. Section 201, *et. seq.* This Court has supplemental jurisdiction over those claims arising under the Laws of the State of West Virginia pursuant to 28 U.S. C. Section 1367.

5. This Court has original jurisdiction since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States pursuant to 28 U.S.C. Section 1332.

6. Pursuant to 28 U.S.C. Section 1991 and Rule 77.02 of the Local Rules of General Practice, this Court is the appropriate venue since all defendants are residents Of Monongalia County, and the unlawful actions as alleged more particularly below, Occurred within Monongalia County, West Virginia.

### Facts

7. Plaintiff, R. Michael Kennedy-Chuey, was hired as an internal auditor in 2006 at West Virginia University, and served as an project officer on the WVU American Recovery & Reinvestment Act of 2009 ("ARRA") Project Team from June 2009 until his removal By Defendant Durbin in February 2013. Plaintiff was promoted to financial compliance

officer in 2009 and was assigned a second full-time position which required the Plaintiff to manage the WVU Tax Services Department from 2010 to 2011.

8. In 2010, plaintiff suffered a permanent life-threatening injury at work. At the time of The injury, plaintiff was required to work 60-65 hour work weeks due to the instructions given to Plaintiff by Defendant Durbin with respect to Plaintiff's duties as financial compliance officer, as a member of the WVU ARRA Project Team along with Plaintiff's job responsibilities for managing the WVU Tax Services Department along with preparing state and federal compliance returns for WVU's affiliate, the WVU Research Corporation.

9. Due to the overwork conditions that Plaintiff was subjected to by Defendant Durbin,

10. Plaintiff was hospitalized on multiple hospitalizations and was

diagnosed with a life threatening illness. Plaintiff complained to the WVU President's

Office of Social Justice on or about January 21, 2012. The Director of the Office of Social Justice ("Director")

requested Plaintiff to file formal charges Against Defendant, Daniel Durbin (Plaintiff's supervisor). The Director's investigator (Lt. James Goins) met with Plaintiff in 2012 and stated that Defendant Durbin's actions had been complained of by other WVU employees and associate directors within the WVU Division of Finance. On December 18, 2012, Lt. Goins

met with Plaintiff and requested Plaintiff to file formal charges against Defendant Durbin and Lisa A. Lively, WVU Director of Financial Services for creating a hostile work environment.

11. In June 2009, Plaintiff was selected by the WVU Senior Associate Vice President for Finance (Daniel A. Durbin) and directed by the WVU Director of Internal Auditing (William R. Quigley) to conduct training to principal investigators, perform testing and monitoring to ensure compliance with the terms and conditions of federal grants, construction grants and contracts awarded under the American Recovery & Reinvestment Act of 2009 ("ARRA").

12. In 2011, Mr. Kennedy-Chuey complained to WVU officials about WVU's failure to comply with the terms of the American Recovery and Reinvestment Act ("ARRA") in using ARRA funds for construction on the Personal Rapid Transit System ("PRT"). Frustrated with the failure of WVU officials to address the ARRA issues, Mr. Kennedy-Chuey contacted the offices of U.S. Senators Jay Rockefeller and the U.S. Recovery & Accountability Transparency Board in Washington, D.C.. Mr. Durbin became aware of Mr. Kennedy-Chuey's complaints to Senator Rockefeller's Office in 2012. In 2012 Mr. Kennedy-Chuey continued to communicate with Senator Rockefeller's office and the Recovery Accountability and Transparency Board regarding WVU's failure to comply with the ARRA in connection with a contract with the National Institutes of Health ("NIH"). Mr. Kennedy-Chuey believes that Mr. Durbin became aware of Mr. Kennedy-Chuey's communications about potential improprieties in the NIH contract. Significantly, in February 2013, Mr. Durbin removed Mr. Kennedy-Chuey from any "ARRA related responsibilities." The logical inference to be drawn is

that Mr. Durbin retaliated against Mr. Kennedy-Chuey for his reports of gross mismanagement of the federal grants related to the ARRA stimulus funds awarded to WVU and to its affiliate, the WVU Research Corporation. This action by Defendant Durbin is the pretext for the nonrenewal of Mr. Kennedy-Chuey's employment contract on June 30, 2013.

13. Defendant Durbin stated to Plaintiff and others that Plaintiff had filed a complaint with the Office of Inspector General for the U.S. Department of Transportation and had complained to the WVU Office of Social Justice and to U.S. Senator's Rockefeller's Office about noncompliance by WVU and its agents with respect to the expenditure Of ARRA stimulus funds received by WVU and its affiliate, the WVU Research Corp.

### Count I
### Violation of 42 U.S. C. Section 1983

14. Plaintiff hereby incorporates each and every allegation contained in the preceding Paragraphs as though fully restated here.

15. Plaintiff's complaint of gross management of ARRA funds to Plaintiff's supervisor, Defendant, Durbin, planitiff's complaints to the Office of the Inspector General for the U.S. Department Dept of  Transportation, to the Office of the Inspector General for the National Institute of Health , To the Recovery & Accountability Transparency Board and to a member of the U.S. Congress (U.S. Senator Jay Rockefeller's, including those for which the Plaintiff was reprimanded, were protected speech within the meaning of the First Amendment to the Constitution of the United States.

16. Further, Plaintiff's statements involved matters of public concerns.

Defendant Daniel A. Durbin's adverse actions against Plaintiff, including the aforementioned Verbal warning, on or about November 8 2012, the unfavorable personnel action taken by Defendant Durbin against Plaintiff on or about December 19 2012 and the termination on June 30, 2013 of Plaintiff's employment contract were in retaliation for Plaintiff's exercise of his Constitutionally protected rights of free speech.

17. WVU BOG lacked a substantial governmental interest in preventing Plaintiff from Making the complaints to the WVU Office of Internal Audit, WVU management and other employees, to the Office of the Inspector General for the National Institute of Health and the U.S. Dept of Transportation andto U.S. Senator Jay Rockefeller.

18. The foregoing actions were taken under color of state law.

19. The foregoing actions deprived Plaintiff of the rights guaranteed him by the Constitution of the United States.

20. Plaintiff's exercise of his constitutionally protected rights was a substantial factor in the decision to terminate Plaintiff's employment.

21. The foregoing conduct was malicious, intentional and in reckless disregard of Plaintiff's Protected rights. As a direct and proximate result of the foregoing conduct, Plaintiff has suffered loss of pay, physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses.

## Count II

### Wrongful Discharge in Violation of West Virginia Public Policy

22. Plaintiff hereby incorporates each and every allegation contained in the preceding Paragraphs as though fully restated here.

23. West Virginia law and/or public policy recognized that public employees, even those Who serve at will, may not be discharged in retribution for exercise of constitutionally Protected rights, unless a substantial governmental policy outweighs the employee's Interest in exercising such right. *See, eg.* Syl. Pt. 3, *McClung v. Marion County Commission* 178 W.Va. 444, 360 S.E.2d 221 (W.Va. 1987).

24. As alleged above, Plaintiff's communications with the WVU Office of Internal Audit,

25. WVU Office of Social Justice, US Senator Jay Rockefeller, Office of Inspector General (OIG) US Dept of Transportation and OIG, National Institute of Health, and ARRA Recovery Accountability & Transparency Board (RATB).

   were protected speech within the meaning of the First Amendment to the Constitution of the United States.

26. The adverse actions taken against Plaintiff, including, but not limited to the November 2012 warning and the December 19, 2012 unfavorable personnel action and the June 30, 2013 termination were motivated, in substantial part, by Plaintiff's exercise of his protected Rights.

The foregoing conduct was malicious, intentional and in reckless disregard of Plaintiff's Protected rights.

27. As a direct and proximate result of the foregoing conduct, Plaintiff has suffered loss of

28. pay, physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of Life, and other non-pecuniary losses.

## Count III

### Violation of the West Virginia Whistleblower Law, W.Va. Code Section 6C-1-1, *et.seq.*

29. Plaintiff hereby incorporates each and every allegation contained in the preceding Paragraphs, as though fully restated here.
30. Pursuant to W.Va. Code Section 6C-1-3(a):

<pre>
Case 1:13-cv-00271-IMK-JSK   Document 1   Filed 12/27/13   Page 8 of 10 PageID #: 31
</pre>


No employer may discharge, threaten, or otherwise discriminate or retaliate against an

Employee by changing the employee's compensation, terms, conditions, location or privileges

Employment because the employee, acting on his own volition, or a person acting on behalf

Or under the direction of the employee, makes a good faith report, verbally or in writing,

To the employer or appropriate authority an instance or wrongdoing or waste.

31. On multiple occasions, and over the course of two years, Plaintiff conducted

Compliance Audits and complained of violations of the Buy American provisions of the American Recovery & Reinvestment

Act of 2009 ("ARRA") to his supervisor, Daniel A. Durbin, to Lisa A. Lively, WVU ARRA

Project Team Leader , to Philip Charneskie, WVU Chief Procurement Officer, Tom Shamberger,

WVU Chief Business Officer, Mark Stewart, WVU Associate Procurement Director, William

R. Quigley, WVU Director of Internal Audit, P. Sean Shea, Senior Internal Auditor, WVU

Office of Internal Audit, James Goins, Investigator, WVU President Office, Jennifer McIntosh,

WVU President's Office, and WVU Office Of General Counsel, Mary Roberta Brandt, Esquire and Amanda Williams, Esquire, William H. Hutchens, III, WVU General Counsel, and April Min, Sr. Deputy General Counsel, WVU.

Defendants were aware of the noncompliance with the Buy American provisions of ARRA with

Respect to expenditures made under multiple ARRA federal grants.

On or about January 11, 2012 through March 3, 2013, Plaintiff raised concerns with the Office, Inspector General,

United States Department of Transportation, the Federal Transit Administration, the OIG, National Institute of Health (NIH) and U.S.Senator Jay Rockefeller's Office.

Upon receiving the advice and counsel of U.S. Jay Rockefeller's General Counsel and chief congressional liaison, Plaintiff filed formal

Complaint with OIG, US, Department of Transportation nd OIG, NIH in February 2013 and January 2013..

WVU's subsequent decision to terminate Plaintiff's employment was based, in substantial

Part, on Plaintiff's decision to raise issues of wrongdoing or waste as those terms are defined

In the W.Va. Code Section 6C-1-2.

The foregoing conduct was malicious, intentional and in reckless disregard of Plaintiff's

Protected rights.

As a direct and proximate result of the foregoing conduct, Plaintiff has suffered loss of pay,

Physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of

Life, and other non-pecuniary losses.

### Count IV

### Tort of Defamation

32. Plaintiff hereby incorporates each and every allegation contained in the preceding paragraphs As though fully restated here.

33. Defendants made false and defamatory statements concerning Plaintiff during multiple

Incidents in December 2012, January 2013 and February 2013. These statements, include, but

Are not limited to the statement by Mr. Daniel A. Durbin. making false statements about
Plaintiff's conduct,

specifically claiming that WVU Police Department personnel were called to remove the Plaintiff

from his office. The rumor is not true and is defamatory.

These statements were published to third-parties, including those present in public

on January 18, 2013 and on January 10, 2013.

These statements were made knowingly false and had the effect of defaming Plaintiff's

Character.

34. As a result of the foregoing defamatory statements, Plaintiff has suffered damages, including But not limited to embarrassment and humiliation.

35. Furthermore, Defendants' statements constitute defamation per se within the meaning of

West Virginia law; therefore Plaintiff, is entitled to recover without the need to establish

Special damages. Additionally, the foregoing conduct was malicious, intentional and in

Reckless disregard of Plaintiff's protected. Rights.

As a direct and proximate result of the foregoing conduct, Plaintiff has suffered loss of pay, Physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of Life, and other non-pecuniary losses

**WHEREFORE,** Plaintiff, R. Michael Kennedy-Chuey, respectfully requests the Court to grant the following relief, jointly and severally:

A. Judgment for a sum of money equal to backpay and benefits owing to Plaintiff Since the date of termination;

B. Compensatory Damages;

C. Punitive Damages;

D. Attorney's fees and cost, as well as all court costs and expenses and any other Damage or expense or fee allowed by law;

E. Reinstatement or front pay;

F. Such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

By: **R. Michael Kennedy-Chuey, filing *Pro Se***

*/s/ Michael Kennedy-Chuey*
_____

R. Michael Kennedy-Chuey, Pro Se

P.O. Box 275, Athens, OH 45701-0275

(724) 570-9926

-10-