IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

R. MICHAEL KENNEDY-CHUEY,

        **Plaintiff,**

v.                                       **Civil Action No. 1:13-cv-271**

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS;
DANIEL A. DURBIN**,

        **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I.   Procedural History

On December 27, 2013, Plaintiff R. Michael Kennedy-Chuey ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court against Defendants. (Docket No. 1.) That same day, Plaintiff paid the $400.00 filing fee (Docket No. 2), and 21-day summonses were issued and returned to Plaintiff for service (Docket Nos. 3 and 4).

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff had 120 days after the complaint was filed to effect service. Fed. R. Civ. P. 4(m). Rule 4(m) further states that if a plaintiff does not effect service on a defendant within this 120-day period, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. However, the time for service must be extended to an appropriate time "if the plaintiff shows good cause for the failure." Id. According to the Court's calculation, Plaintiff's 120-day deadline to effect service expired on Monday, April 28, 2014. The undersigned's review of the docket on April 29, 2014 indicated that Plaintiff had not filed proof of service with the Court. Accordingly, the undersigned entered an Order to Show Cause directing Plaintiff to show cause within fourteen (14) days from the date of that Order as to why his case should not be recommended for dismissal without prejudice or, in the alternative, to effect service and file proof of

such service within fourteen (14) days from the date of that Order. (Docket No. 11.) A review of the docket on May 27, 2014 shows that the copy of the Order to Show Cause that was mailed to Defendant was returned as undeliverable and unclaimed. (Docket No. 12.)

In sum, Plaintiff had 120 days from December 27, 2013 to effect service on Defendants. Plaintiff has not filed proof of service, nor has he responded to the Order to Show Cause. Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute.

## II.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation,  file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: May 29, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

2